**MANITOWOC MILK PRODUCERS CO-OPERATIVE, a Wisconsin corporation, Plaintiff,**

**v.**

**KORNELY GUERNSEY FARMS DAIRY, Defendant.**

**No. 72-C-94.**

United States District Court,
E. D. Wisconsin.

Nov. 6, 1973.

George M. St. Peter, Fond du Lac, Wis., for plaintiff.

Cohen, Grant, Liebmann & Conway, by Steven I. Cohen, Green Bay, Wis., for defendant.

DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before me on the plaintiff's motions for discovery. The defendant suggests that these discovery demands indicate the plaintiff's interest in furthering its competitive advantage rather than this lawsuit. I conclude that the plaintiff's motions should be granted only in part at this time.

The plaintiff, Manitowoc Milk Producers Cooperative (Manitowoc), claims that the defendant, Kornely Guernsey Farms Dairy (Kornely), is violating the Agricultural Fair Practices Act, 7 U.S.C. § 2303(c), (e), and (f). The thrust of the complaint is that, through price discrimination and bribery, Kornely has induced certain dairy farmers to ship their product to it directly, rather than through the "middleman" Manitowoc

co-op. As a result, the plaintiff urges that prospective suppliers who are non-co-op members, have not joined this co-op, and those who had been co-op members in the past have deserted Manitowoc.

Manitowoc contends that Kornely's pay practices from August 1, 1971, to date, constitute the principal issue in this action. Kornely argues that no relationship has existed between Manitowoc and Kornely or its suppliers since March 31, 1972, and that its practices after that date are irrelevant.

Manitowoc also contends that Kornely's pay practices cannot be determined without the benefit of the information contained in confidential reports regularly submitted by Kornely to the United States department of agriculture's market administrator. These reports contain records of Kornely's receipts, producer charges, and utilization, including its producer payroll reports. Kornely points to the confidential character of these federal market administrator reports and indicates that Manitowoc, as a member of the Central Milk Producers Cooperative, a large, vertically integrated cooperative which competes with Kornely at certain levels, is in a position to use the information objected to in order to limit Kornely's supplies and suppliers, increase Kornely's costs, and reduce Kornely's share of the market.

Manitowoc has moved for orders compelling Kornely to answer those interrogatories and to produce those documents for inspection and copying which would yield the information described above for the period August 1, 1971, to date. Manitowoc also requests information regarding all transactions and communications between Kornely and the following: the National Farmer's Organization, a competitor of the Central Milk Producers Cooperative; Kornely's suppliers; and another dairy. Manito-

woc also requests a list of all National Farmer's Organization members who have been shipping to Kornely from August 1, 1971, to date.

At this point in these proceedings, I am not disposed towards adopting Kornely's position that March 31, 1972, represents the date past which its pay practices are irrelevant for purposes of this suit; this is especially true since the complaint alleges a continuing violation of the plaintiff's rights.

On the other hand, the mere allegation of a continuing violation does not, of itself, entitle the plaintiff to the discovery of current, confidential, and competitive information under these circumstances. I find that, at this stage, the better course is to order the defendant to comply with the plaintiff's various discovery requests only to the extent that they pertain to materials or information going to events between August 1, 1971 and March 31, 1972. Should the plaintiff later satisfy me that the more current information requested will serve the furthering of this lawsuit rather than its potential competitive advantage, I will consider the matter further. See Rule 37(a)(2), ¶ 2, Federal Rules of Civil Procedure.

Therefore, it is ordered that the plaintiff's motion for an order compelling answers to its interrogatories dated May 17, 1973, be and hereby is granted in part only, the defendant being required to comply only to the extent that such interrogatories require the divulgence of materials or information pertaining to circumstances existing on or before March 31, 1972.

It is also ordered that the plaintiff's motion for an order for the production of documents for inspection, copying, and photographing be and hereby is granted in part only, subject to the same conditions as set forth above.